## FRANCIS *v.* THE STATE.

There being evidence from which the jury could reasonably infer the guilt of the accused of stabbing, and the trial judge being satisfied with the verdict, this court does not feel authorized to interfere.
November 10, 1890.

| 86 | 132 |
|----|-----|
| 106 | 730 |

Criminal law.   Stabbing.   Verdict.   Before Judge VAN EPPS.   City court of Atlanta.   March term, 1890.

Upon the trial of Francis, Hayes testified, in brief: About ten or eleven o'clock at night, at a party, he and defendant got into a dispute about a place in a dance, and when the dance was over, Hayes asked Francis out to settle it, and they went out about 150 yards, stopped and began to talk over the matter, when England came running down there and shoved Francis against Hayes.   Hayes felt his clothes pull, and after he was arrested by the police, found that he had been cut where he felt his clothes pull, and knew by that that Francis was the man who cut him.   He did not see Francis or any one cut at him, nor did he see any knife in Francis' hand.   He did not slap Francis that night when England ran up.   England shoved Francis against him and shoved him back all at once.   Hayes was large and stout, and Francis was a very small man. Hayes was cut through the clothing and into his body

on the right side. There was only one other witness for the State, and he testified that England ran up and shoved Hayes and Francis apart, and said, "Damn it, get out of the way and let him fight a man of his size," and caught hold of Hayes and cursed him and shoved him back. Witness saw Francis strike at Hayes, but does not know whether he hit him or not; did not see Francis with a knife. About the time England began to curse and shove Hayes back, the police arrived and arrested them. Hayes did not know he was cut until he was arrested, and then accused Francis of it; and witness did not know the cutting was done until after they were arrested. Witness went down as Hayes' friend. It was pretty dark when the difficulty occurred. When they had turned one of Francis' pockets wrong side out, witness' brother started to search the other pocket, "and Francis said no damn man should search him, putting out his hand in front of him."

The testimony for the defendant tended to show: Each of the parties went to the place where the fight occurred, accompanied by friends. Hayes called Francis very opprobrious names, and Francis replied similarly, and then Hayes slapped Francis and stepped back, leaving four or five feet between them, and then England ran in between them and shoved Francis back to his left and Hayes to his right. Francis did not strike at Hayes at all, and England did not shove Francis against Hayes, but shoved them six or seven feet apart and in opposite directions, and then a witness took hold of Francis and carried him still further off. It was pretty dark at the place. Hayes told a witness, two or three days before the trial, that he did not know who cut him. Francis had no knife when witness took hold of him. Witness did not see him cut Hayes; if he had done so, witness would have seen him. Each man's friend searched him, and Hayes' friend either

put something in his pocket or took it out; and one of
Hayes' friends started up to Francis as if he were going
to search him, and Francis told him not to touch him.
This search took place before they began cursing each
other

ARNOLD & ARNOLD, for plaintiff in error.

F. M. O'BRYAN, solicitor, *contra.*

BLANDFORD, Justice.

Francis was tried and found guilty of stabbing. He
moved the court for a new trial, which the court refused,
and he excepted. The exceptions in this case are, that
the verdict is contrary to law, contrary to the evidence,
and contrary to equity and justice.

We have examined the evidence in this record closely,
and while there is some doubt upon our minds whether
the accused should have been convicted, yet we think
there was evidence from which the jury could very
reasonably have inferred his guilt. This being so, and
the court below being satisfied with the verdict of the
jury, we therefore do not feel authorized to interfere
therewith, and the judgment of the court below is

· *Affirmed.*